Judy M. Iriye, Bar No. 10569
jiriye@littler.com
LITTLER MENDELSON, P.C.
500 Ala Moana Blvd.
Suite 7400, PMB #404
Honolulu, HI 96813
Telephone: 808.650.6064
Fax No.:    310.553.5583

Attorney for Defendants
ALOHA PETROLEUM, LTD., and
LOIS OSORNO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROLINE T. FOSTER,<br><br>            Plaintiff,<br><br>    v.<br><br>ALOHA PETROLEUM, LTD., and<br>LOIS OSORNO,<br><br>            Defendants. | Civil No. CV22-00519 HG RT<br><br>**DEFENDANTS ALOHA PETROLEUM LTD. AND LOIS OSORNO'S ANSWER TO COMPLAINT** |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants Aloha Petroleum LTD., ("Aloha") and Lois Osorno ("Osorno") (jointly, "**Defendants**") hereby answer the Complaint filed herein by Plaintiff Caroline T. Foster ("**Plaintiff**") on December 15, 2022 (the "**Complaint**"), and admit, deny, and allege as follows:

## I. PARTIES

In response to the allegations in subsection A, Defendants state that the allegations in subsection A constitute a legal conclusion, which requires neither an admission nor a denial. To the extent a response is required, Defendants admit that Plaintiff lived in Hawaii during her employment with Aloha.

In response to the allegations in subsection B, Defendants state that the allegations in subsection B constitute a legal conclusion, which requires neither an admission nor a denial. To the extent a response is required, Defendants admit that Aloha is a company that is incorporated in Hawaii with its principal place of business in Honolulu, Hawaii and is licensed to do business in Hawaii.

In response to the allegations in subsection C, Defendants state that the allegations in subsection C constitute a legal conclusion, which requires neither an admission nor a denial. To the extent a response is required, Defendants admit that Lois Osorno is the Director of Human Resources for Aloha.

In response to the allegations in subsection D, Defendants state that the allegations in subsection D constitute a legal conclusion, which requires neither an admission nor a denial. To the extent a response is required, Defendants admit that Plaintiff was employed at the Aloha location specified.

## II. JURISDICTION

Defendants acknowledge that Plaintiff alleges discrimination based on age and disability, but deny that any statute or law was violated or that Plaintiff is entitled to any relief.

## III. STATEMENT OF CLAIM

Defendants acknowledge that Plaintiff alleges discrimination based on the termination of her employment, alleged failure to accommodate her disability, and other acts specified. However, Defendants deny any statute or law was violated or that Plaintiff is entitled to any relief. Defendants also deny any discrimination, lying or fabrication occurred. Defendants are without sufficient information to admit or deny the remaining allegations in subsection A, and therefore deny same.

Defendants deny any alleged discriminatory acts occurred on the dates specified under subsection B or on any other date.

Defendants deny committing and still committing unlawful acts against Plaintiff specified under subsection C.

Defendants deny discriminating against Plaintiff based on age, disability, as alleged under subsection D, or any other reason. Defendants admit that Plaintiff was born in 1940.

## STATEMENT OF FACTS

1. Defendants admit Plaintiff was hired by Aloha as a Sales Associate on or about August 15, 2017.

2. Defendants are without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint, and therefore deny same.

3. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore deny same.

4. Defendants admit Lenora Koga (also known as Kanani) was the Hawaii Kai Store manager prior to Vicky Abigania. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of the Complaint, and therefore deny same.

5. Defendants admit Vicky Abigania replaced Lenora Koga (also known as Kanani) as the new Hawaii Kai Store manager. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 5 of the Complaint, and therefore deny same.

6. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore deny same.

7. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore deny same.

8. Defendants deny hours were assigned to Aloha employees based on age. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint, and therefore deny same.

9. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore deny same.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit receiving a letter from Plaintiff regarding her wages. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint, and therefore deny same.

12. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore deny same.

13. Defendants admit The State of Hawaii Unemployment Insurance Division issued a decision on December 30, 2021 stating, "You were discharged for reasons other than misconduct connected with work."

14. Defendants admit to filing an appeal with the State of Hawaii Department of Labor & Industrial Relations. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint, and therefore deny same.

15. Defendants deny sending Plaintiff a falsified or fabricated document. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 15 of the Complaint, and therefore deny same.

16. Defendants admit The State of Hawaii Department of Labor and Industrial Relations held a hearing on February 1, 2022.

17. Defendants admit The State of Hawaii Department of Labor and Industrial Relations affirmed its decision on February 2, 2022 that Claimant was discharged for reasons other than misconduct connected with work.

18. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore deny same.

19. Defendants admit that Aloha denied mediation in regards to Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 19 of the Complaint, and therefore deny same.

20. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint, and therefore deny same.

21. Plaintiff's allegations contained in Paragraph 21 refers to a timeline drafted by Plaintiff. To the extent a response is required, Defendants admit Plaintiff was hired by Aloha on August 15, 2017 and that Defendants received a letter from

Plaintiff regarding her wages.  Defendants are without sufficient information to admit or deny the remaining allegations contained in the timeline referred to in Paragraph 21 of the Complaint, and therefore deny same.

### IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

Defendants admit that Plaintiff filed a Charge of Discrimination with the EEOC.  Defendants are without sufficient information to admit or deny the remaining allegations contained in subsection A, and therefore deny same.

Defendants admit that the EEOC issued a Notice of Right to Sue upon request, dated October 17, 2022.  Defendants deny sixty days or more had elapsed when Plaintiff filed this matter on December 15, 2022.

### V. PRAYER FOR RELIEF

Defendants are not required to respond to Plaintiff's prayer for relief.  However, to the extent the prayer asserts allegations, Defendants deny every allegation contained therein.  Defendants further deny that Plaintiff is entitled to any of the relief listed therein.

### DEMAND FOR JURY

Plaintiff did not make a demand for jury in her Complaint and Defendants do not demand a jury in this matter.

## GENERAL DENIAL

Any and all allegations contained in Plaintiff's Complaint not specifically admitted herein are hereby denied by Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to exhaust administrative remedies and/or contractual remedies, a condition precedent to the maintenance of this action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from maintaining this action by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims seeking damages for emotional and/or physical injury are preempted by workers' compensation laws.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred in whole or in part by Plaintiff's failure to reasonably mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred in whole or in part by after-acquired evidence of her misconduct.

## TENTH AFFIRMATIVE DEFENSE

Defendants contend that all actions taken by Defendants were in good faith, and for legitimate non-retaliatory and/or non-discriminatory business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff is adjudged to be entitled to any recovery, Defendants are entitled to a set-off for any compensation, including, without limitation to, unemployment compensation, wages, salaries, and/or Social Security payments Plaintiff received.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants contend that any alleged conduct, act, or omission against Defendants is not the cause in fact or proximate cause of the damages, if any,

suffered by Plaintiff, and/or Plaintiff's claims are barred by the doctrine of intervening and/or superseding causation.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants contend that Defendants promulgated appropriate policies and exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior and assuming, *arguendo*, that discrimination and/or retaliation occurred, Plaintiff unreasonably failed to properly avail herself of the preventive and/or corrective opportunities Defendants provided.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants instituted and enforced a proper and/or effective anti-discrimination policy and Plaintiff failed to timely complain.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the extent she was not a qualified person with a disability as defined by relevant law, nor was she regarded as a qualified person with a disability.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the extent that the Court may find that Plaintiff does have a disability that limits a major

life activity and that Defendants had an obligation to reasonably accommodate such a disability, Plaintiff failed to request a reasonable accommodation for her alleged physical disability.

## SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendant had an obligation to reasonably accommodate such a disability, Plaintiff failed to engage in the interactive process reasonably and in good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability, Plaintiff could not perform the essential functions of her job, with or without reasonable accommodation.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the

extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability, no reasonable accommodation existed which would have permitted Plaintiff to perform the essential functions of her position.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability, any accommodation of Plaintiff's alleged disability would have imposed an undue hardship on Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability, Defendants provided the accommodation(s) sought by Plaintiff for her alleged physical disability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process are barred, in whole or in part, to the extent that the Court may find that Plaintiff does have a disability that limits a major life activity and that Defendants had an obligation to reasonably accommodate such a disability, Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's former position and/or to perform those duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants contend that any unlawful or other wrongful acts attributed to any person(s) employed by Aloha were outside the scope of his or her authority and such acts, if any, were not authorized, ratified or condoned by Defendants, nor did Defendants know or have reason to be aware of such conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants contend that Defendants at all times acted in good faith, without malice and were justified with regard to its legal obligations to Plaintiff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims are barred, in whole or in part, because if any unlawful discriminatory motive existed in connection with any

employment decision involving Plaintiff, which Defendants deny, such employment decision would have been the same even without any such unlawful discriminatory motive.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that punitive damages are unconstitutional in general and as applied to Defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that punitive damages constitute excessive fines prohibited by the United States and the Hawaii Constitutions. The relevant statutes do not provide adequate standards or safeguards for their application and they are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article I, Section 5 of the Hawaii Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Aloha nor Osorno was ever Plaintiff's employer, and therefore, were improperly named as Defendants.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this action.

WHEREFORE, Defendants respectfully request that:

1. All of the claims made and relief prayed for in the Complaint be denied, and the claims and the Complaint be dismissed with prejudice;

2. The Court grant Defendants such other relief in law or in equity as the Court deems just and proper; and

3. Judgment be entered in Defendants' favor.

Dated: January 6, 2023

                                                LITTLER MENDELSON, P.C.

                                                */s/ Judy M. Iriye*
                                                Judy M. Iriye
                                                Attorney for Defendants
                                                ALOHA PETROLEUM, LTD., and
                                                LOIS OSORNO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROLINE T. FOSTER,<br><br>    Plaintiff,<br><br>    v.<br><br>ALOHA PETROLEUM, LTD., and LOIS OSORNO,<br><br>    Defendants. | Civil No. CV22-00519 HG RT |

### CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of **DEFENDANTS ALOHA PETROLEUM LTD. AND LOIS OSORNO'S ANSWER TO COMPLAINT** was duly served upon the following:

*On January 6, 2023, I served electronically through CM/ECF and at the email address below.  A copy was also sent via U.S. Mail to the address below*:

Caroline T. Foster                                                    carolinefoster9895@gmail.com
111 Hoolako Place
Honolulu, Hawaii 96825

Plaintiff, *pro se*

DATED:    Kailua, Hawaii, January 6, 2023.

                                                                    */s/ Judy M. Iriye*
                                                                    Judy M. Iriye
                                                                    LITTLER MENDELSON, P.C.
                                                                    Attorneys for Defendants
                                                                    ALOHA PETROLEUM LTD., and LOIS OSORNO