IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CAROLINE T. FOSTER, | ) | 1:22-CV-00519-DKW-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | RULE 16 SCHEDULING ORDER |
| vs. | ) | |
| | ) | |
| ALOHA PETROLEUM, LTD., | ) | |
| LOIS OSORNO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## RULE 16 SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16 and LR 16.2, a scheduling conference was held on February 13, 2023, before the Honorable Rom Trader, United States Magistrate Judge. Appearing telephonically at the conference were Caroline T. Foster *(pro se)* and Judy Iriye.

Pursuant to Fed. R. Civ. P. 16(e) and LR 16.3, the Court enters this scheduling conference order:

### TRIAL DATE:

**1.** **NON-JURY** trial in this matter will commence before the Honorable Derrick K. Watson, Chief United States District Judge on May 13, 2024, at 9:00 a.m.

### AMENDING PLEADINGS:

**2.** All motions to join additional parties or to amend the pleadings shall be filed by July 18, 2023.

### EXPERT WITNESSES:

3. Each party shall make the disclosures regarding expert witnesses or other witnesses with specialized knowledge as required by Fed. R. Civ. P. 26(a)(2) according to the following schedule:

    a. All plaintiffs shall comply by September 5, 2023.

    b. All defendants shall comply by November 6, 2023.

Rebuttal disclosures to a witness identified by another party pursuant to subparagraphs a and b hereinabove shall occur within thirty (30) days after the disclosure by the other party.

**DISCOVERY:**

4. Unless and until otherwise ordered by the Court, the parties shall follow the discovery plan agreed to by the parties herein pursuant to Fed. R. Civ. P. 26(f).

5a. Pursuant to Fed. R. Civ. P. 16(b)(3) and LR 16.2(a)(6), the discovery deadline shall be December 15, 2023. Unless otherwise permitted by the Court, all discovery pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive must be completed by the discovery deadline.

  b. Unless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive of LR 26.1, 26.2, and 37.1 shall be filed no later than November 15, 2023.

**MOTIONS:**

6. Dispositive motions shall be filed by December 15, 2023.

7. All other non-dispositive motions including any motion requiring an evidentiary hearing (including *Daubert* motions) shall be filed by February 13, 2024. This deadline does not include motions in limine or discovery motions.

**8.** Motions in limine shall be filed by April 15, 2024.

Any opposition memorandum to a motion in limine shall be filed by April 22, 2024.

## SETTLEMENT:

**9.** A Telephonic settlement conference shall be held on February 9, 2024, at 10:00 a.m. before the Honorable Rom Trader, United States Magistrate Judge.

**10.** Each party shall deliver to the presiding Magistrate Judge a confidential settlement conference statement by February 2, 2024. The parties are directed to LR l 6.5(b) for the requirements of the confidential settlement conference statement.

**11.** The parties shall exchange written settlement offers and meet and confer to discuss settlement before the date on which settlement conference statements are due.

## TRIAL AND FINAL PRETRIAL:

**12.** A Telephonic final pretrial conference shall be held on April 2, 2024, at 9:00 a.m. before the Honorable Rom Trader, United States Magistrate Judge.

**13.** Pursuant to LR 16.4, each party herein shall serve and file a separate final pretrial statement by March 27, 2024.

**14.** By April 15, 2024, the parties shall pre-mark for identification all exhibits and shall exchange or, when appropriate, make available for inspection all exhibits to be offered, other than for impeachment or rebuttal, and all demonstrative aids to be used at trial.

**15.** By April 22, 2024, each party shall serve and file a final comprehensive witness list indicating the identity of each witness that the party will call at trial and describing concisely the substance of the testimony to be given and the estimated time required for the testimony of the witness on direct examination.

**16.** The parties shall make arrangements to schedule the attendance of witnesses at

trial so that the case can proceed with all due expedition and without any unnecessary delay.

**17.**     The party presenting evidence at trial shall give notice to the other party the day before of the names of the witnesses who will be called to testify the next day and the order in which the witnesses will be called.

**18.**     The parties shall meet and confer regarding possible stipulations to the authenticity and admissibility of proposed exhibits by April 22, 2024.

**19a.** By April 22, 2024, the parties shall serve and file statements designating excerpts from depositions (specifying the witness and page and line referred to) to be used at trial other than for impeachment or rebuttal.

   **b.** Statements counter-designating other portions of depositions or any objections to the use of depositions shall be served and filed by April 29, 2024.

**20.**     By April 29, 2024, each party shall serve and file a trial brief on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, setting forth briefly the party's position and the supporting arguments and authorities.

**21.**     By April 29, 2024 the parties shall file any objections to the admissibility of exhibits. Copies of any exhibits to which objections are made shall be attached to the objections.

**22a.**    The original set of exhibits and two copies (all in binders) and a list of all exhibits shall be submitted to the Court by May 6, 2024.

   **b.** A thumb drive of all exhibits shall be submitted to the Court by May 6, 2024.

**23.**     (RESERVED)

**24.**     (RESERVED)

**25.**     (RESERVED)

**26.**     (RESERVED)

**27.**   (RESERVED)

**28.**   A final pretrial conference shall be held on April 29, 2024, at 10:00 a.m. in Aha Kupono before the Honorable Derrick K. Watson, Chief United States District Judge.

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

**29.**   Each party shall serve and file proposed findings of fact and conclusions of law by May 6, 2024.

**OTHER MATTERS:**

Court sets Telephone Conference for June 8, 2023, at 8:45 a.m. before Magistrate Judge Trader. No submissions required.

For all telephonic hearings before Magistrate Judge Rom A. Trader, the parties and other participants must call-in at least five (5) minutes prior to the scheduled start time of the conference.  Call-in instructions are below:

Dial in number:    1-833-568-8864 (toll-free).

Meeting ID:       161 5641 6035.

The Confidential Settlement Conference statements shall be delivered (one-set, hard copy) to the Clerk's Office and an electronic copy emailed to Trader_Orders@hid.uscourts.gov.

//

//

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2023.



Rom A. Trader
United States Magistrate Judge

Caroline T. Foster vs. Aloha Petroleum, Ltd.; 1:22-CV-00519-DKW-RT; <u>Rule 16 Scheduling Order</u>

# **NOTICE TO PRO SE LITIGANTS**[1]

Defendant(s) may move for summary judgment on dispositive issues pursuant to Rule 56 by which Defendant(s) seek to have some or all your claims dismissed and judgment entered against you.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case as to the claims addressed in the motion.

Rule 56 explains how to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in the record, including depositions, documents, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), or comply with Rule 56(d), to contradict the facts shown in the other party's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, the court will enter judgment against you and there will be no trial.

All parties, pro se or not, must comply with the Local Rules for the District of Hawaii.  Local Rule LR56.1 sets out the local requirements for summary judgment motions and oppositions to such motions.  LR56.1(e) requires that any party who opposes the motion for summary judgment shall file and serve with his or her opposing documents a separate document containing a single concise statement that admits or disputes the facts set forth in the movant's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

---

[1] Notice to all pro se litigants regarding the consequences and requirements of a summary judgment motion is not required.  See United States v. Ninety Three Firearms, 330 F.3d 414 (2003) (some circuits provide notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule to all pro se litigants).  However, the Court provides this notice to ensure that pro se litigants are aware of the complex procedural issues involved in summary judgment proceedings.  See Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004) (citing Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir. 1984)).

When preparing the separate concise statement, you must reference only the material facts that are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports your interpretation of the material fact.  Documents referenced in the concise statement shall not be filed in their entirety. Instead, you shall extract and highlight only the relevant portions of each referenced document, but shall ensure that enough of a document is attached to put the matter in context.  The concise statement shall be no longer than five (5) pages.

When resolving motions for summary judgment, the court has no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statement.